(38 South. 584.)

No. 15,586.

STATE ex rel. BAILEY v. CANAL BANK & TRUST CO.

(May 8, 1905.)

DESCENT AND DISTRIBUTION—PARTITION OF STOCK AND BONDS—TUTORS AD HOC —OATHS.

Where, in a partition of stocks and bonds belonging to a succession, minor heirs are represented by tutors ad hoc duly appointed by the court, a defendant, urging the nullity of the proceedings on the ground that the tutors ad hoc were not duly sworn, carries the burden of proving the fact affirmatively. The mere absence of such oaths from the record is insufficient to prove that the tutors ad hoc were not duly sworn.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Application by the state, on the relation of Josephine M. Bailey, for writ of mandamus to the Canal Bank & Trust Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Branch Knox Miller, for appellant. Boatner & Manion and George Sturges Dodds, for appellee.

LAND, J. This is a mandamus proceeding to compel the defendant corporation to issue to plaintiff a certificate for 15 shares of its capital stock, in lieu of the same number of shares standing in the name of plaintiff's deceased mother, Mrs. Josie Tuma. Plaintiff claims title through a partition had of the property belonging to the succession of said decedent.

Defendant sets up several alleged nullities in the partition proceedings: The first, that the experts were not sworn by the notary, is repelled by the fact that their oath is embodied in the procès verbal of that official. This is not a copy, as suggested by counsel, and does not purport to be such. The notary says, "to whom I administered the following oath." The second, that the tutors ad hoc appointed to represent the minors made no appearance and performed no acts in the partition proceedings, finds no support in the record, which shows that they were present at the making of the inventory, filed answers to the petition for partition, and drew lots for the minors at the final division of the property. The third, that the partition was not preceded by an in-

ventory, is shown by the record to be a mistake. The fourth, that the tutors ad hoc were not sworn is more serious. There is no affirmative proof that they were not sworn. Their oaths are not in the record, and this is the only evidence on which defendant can rely in support of this ground of nullity. These tutors ad hoc were duly appointed and ordered to be sworn; assisted in the making of the inventory, and signed the procès verbal of same; filed an answer to the petition for a partition, averring that each of them had been "appointed and sworn"; and participated in the final partition as the representative of the minors.

On the trial below an affidavit by the notary was filed, from which we make the following extract, to wit:

"I state that I distinctly remember having administered to each of them the oath of office, to discharge well and truly the duties of their said offices, before proceeding to said partition."

The affidavit was objected to on the ground that the oath itself was the only admissible evidence. It was not objected that the notary should have been called as a witness. As the oath was not in the record, secondary evidence of its existence and contents was admissible ex necessitate.

In a recent case this court held that it is the duty of the party urging the nullity of probate proceedings on the ground that the undertutor had never taken the oath as such to establish such fact affirmatively, and that the mere absence of proof in the record of such an oath having been taken is insufficient. Succession of Keppel, 113 La. 246, 36 South. 960. The plaintiff herself was one of the minors represented by a tutor ad hoc in the partition proceedings. As the other three minors received their shares of the stock and bonds belonging to the estate, it is difficult to conceive how they can ever complain of the partition.

Judgment affirmed.